UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | 4:24-cv-948 |
| § | | |
| $344,520.00 U.S. Currency, § | | |
| Defendant. § | | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Melissa Hotze, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned Defendant property. The United States respectfully alleges on information and belief as follows:

**DEFENDANT PROPERTY SUBJECT TO FORFEITURE**

1. The defendant property is described as follows: $344,520.00 U.S. Currency ("Defendant Currency") which was seized during a traffic stop investigation on October 10, 2023, by law enforcement officers inside a vehicle belonging to Mario Albert Ramos, Jr. ("Ramos").

2. On or about December 18, 2023, Ramos, through his attorney Norman Silverman, submitted a claim to the U.S. Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Currency.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Currency is located in the Southern District of Texas and is within the jurisdiction of this Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

## STATUTORY BASIS FOR FORFEITURE

5. The Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

6. The Defendant Currency is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. Pursuant to 18 U.S.C. § 1956(c)(7), which incorporates by reference offenses listed in 18 U.S.C. § 1961(1), "specified unlawful activity" includes the felonious

manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances as defined in section 102 of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

7. The United States, including the DEA, is conducting a criminal investigation of a Transnational Criminal Organization ("TCO") operating out of Mexico and Colombia responsible for trafficking drugs into the United States, and in return, laundering Trafficker Directed Funds (TDF) back into Mexico and Colombia from the United States. Agents identified multiple Houston-based money couriers working on behalf of the TCO that resulted in the seizure of Trafficker Directed Funds (TDF).

## BACKGROUND

8. On October 3, 2023, DEA was briefed by a cooperator broker that he received a request for a money pick-up from a Houston based TCO courier for $250,000.00. On October 4, 2023, an individual, later identified as Ramos, contacted CS-1, and CS-1 advised that one of CS-1's associates would facilitate the pick-up. During communications with CS-1, Ramos made mention of having $550,000.00 U.S. Currency to move. At the direction of controlling agents, CS-1 advised Ramos the contract was only for $250,000.00 U.S. Currency. Ramos advised CS-1 that Ramos would have to get back with his boss to confirm.

9. On October 6, 2023, Ramos began attempting to contact CS-1. Agents then had a different Confidential Source (hereinafter CS-2) contact Ramos and make arrangements to conduct the money pick-up. Ramos walked out of the shop office located

3

at 503 Aldine Mail Route, with a gun in his hand, to greet CS-2. Once CS-2 advised that CS-2 was there to conduct the pick-up, Ramos placed the handgun in his waist and had CS-2 enter the shop office with Ramos. Ramos then advised he would have to go get the money and left CS-2 alone in the office and departed the location driving a green Chevrolet truck ("Truck"). Agents lost sight of this truck, but it returned approximately 25 minutes later, with Ramos still operating the vehicle. CS-2 and Ramos made contact with each other in the parking lot of 503 Aldine Mail Route once Ramos returned, and Ramos placed a large brown box containing United States Currency into CS-2's vehicle. Ramos told CS-2 that it was a total of $400,000.00 U.S. Currency. CS-2 advised Ramos that this was more than the agreed money pick-up contract, and Ramos just instructed CS-2 to take it all. Agents followed CS-2 from the location and recovered the box of United States Currency. Inside the box, there was a piece of paper with the amount 400,000 written on the paper and stuck under one of the rubber-banded bundles of currency.

10. On October 6, 2023, while this transaction between CS-1 and Ramos was taking place, the TCO requested another $250,000.00 United States Currency money pick-up. On October 6, 2023, Ramos, utilizing the same cellular telephone number, set up contact with CS-2. Ramos advised CS-2 that he had $400,000.00 United States Currency to pass to CS-2. CS-2 advised Ramos that the contract again was only for $250,000.00. Ramos advised it would need to be $400,000.00 United States Currency. Ramos advised CS-2 to go back to the same shop located at 503 Aldine Mail Route, Houston, Texas. After the events took place on the October 6, 2023 during the money pick-up of the approximately $400,000.00 United States Currency, agents realized that the bulk drug

4

proceeds, being stored by Ramos, would not be located at 503 Aldine Mail Route. Agents conducted research of the Texas License plate displayed on the Truck operated by Ramos and learned, through license plate reader databases, that this truck was frequently scanned at 14822 Dogwood Tree St, Houston, Texas ("Residence.")

**SEIZURE OF $344,520.00**

11. On Tuesday, October 10, 2023, agents with the Houston Division Strike Force along with members of the Houston Police Department ("HPD") conducted surveillance operations on a residence, which is located at the Residence.

12. Task Force Officer ("TFO") O'Brien observed Ramos exit the Residence, carrying a large backpack, which appeared to be heavy in nature. Ramos then departed in the Truck and while driving made multiple traffic violations. Before HPD units could conduct a traffic stop, Ramos entered a parking lot of a service station. TFO O'Brien made contact with Ramos at his vehicle in the parking lot. Ramos denied consent to search the Truck. Subsequently, a K9 conducted a free air sniff of Ramos' Truck and was alerted to the presence of a narcotic odor emanating from Ramos' Truck.

13. A probable cause search was conducted on Ramos' Truck. The backpack, observed by TFO O'Brien, was recovered. Inside the backpack was several bundles of United States Currency (totaling $344,520.00) wrapped in rubber bands.

14. A search warrant for the Residence was signed and transported by Task Force Officer Rogers ("TFO Rogers") who provided a copy to Ramos. After Ramos reviewed

the search warrant, he advised that anything found inside of the Residence belonged to him and that it would be in the front bedroom.

15. Agents entered the front most bedroom of the residence and searched multiple shoeboxes inside the bedroom closet. The Agents located a total of (5) tightly wrapped bundles of cocaine. The cocaine weighed approximately 5.5 kilos and is worth approximately $75,000.00 on the street. Agents also observed what appeared to be handwritten ledger notes on the dining table consistent with money ledger notes totaling up amounts of currency.

16. Based on the evidence collected, the $344,520.00 in U.S. Currency was seized as proceeds of a drug transaction or monies used in the furtherance of drug trafficking under Title 21 U.S.C. § 881(a)(6).

## CONCLUSION

17. The Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(C) as property constituting or traceable to proceeds of drug trafficking.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later

than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(5).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States of America prays that judgment of forfeiture be entered against Defendant Currency in favor of the United States of America under 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 981(a)(1)(C), in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

 /s/ Melissa Hotze
Melissa Hotze
Assistant United States Attorney
SDTX Admission Number 784631
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: 713-567-9475
Melissa.Hotze@usdoj.gov

## VERIFICATION

I, Jason B. Rogers, a Special Agent employed by the Drug Enforcement Administration, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the __14__ day of March 2024.

_____
Jason B. Rogers, Special Agent
U. S. Drug Enforcement Administration