United States District Court
Southern District of Texas
**ENTERED**
August 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| United States of America, | § |
| | § |
| v. | §   Civil Action No. 4:24-cv-948 |
| | § |
| $344,520.00 in U.S. Currency | § |

## ORDER DENYING PROTECTIVE ORDER AND DENYING EXTENSION

This is a civil forfeiture case governed by Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure. Mario Ramos, an alleged claimant, filed both a motion for a protective order seeking to avoid having to respond to the Government's First Set of Special Interrogatories until after his motion to suppress is resolved, Dkt. 12, and a motion asking that the deadline for providing his responses be extended "pending a hearing" on his request for protective order, Dkt. 15. As explained below, Ramos's request for a protective order (Dkt. 12) is denied, as is his request to stay the deadline for responding to the Government's interrogatories (Dkt. 15).

***Ramos's motion for protective order***, Dkt. 12. Ramos's request for a protective order asserts that he should not be required to respond to the Government's June 20, 2024 interrogatories because (1) Ramos has filed a

separate motion to suppress; and (2) responding to one particular interrogatory—the contents of which Ramos fails to provide—would require him to "reveal confidential client information" regarding the "condition and quality of work" on high-end show cars that he has restored. Dkt. 12 at 1-2. Neither contention satisfies Ramos's burden.

As a procedural matter, Ramos's motion for protective order fails to comply with this Court's rules, which require all motions in civil cases to include a certificate of conference—and provide details regarding the results of that conference. *See* Judge Alfred H. Bennett, Court Procedures § 5(c). That defect alone would warrant striking the motion.

But even on the merits, Ramos is not entitled to the relief he seeks. Ramos must show good cause to obtain a protective order. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). He has failed to meet his burden.

Significantly, Ramos has neither provided nor detailed the contents of the interrogatories that the Government has served. Nor has Ramos shown that any unspecified information sought by the Government is irrelevant to the case or otherwise exceeds the scope of what Rule G allows. Notably, Rule G(6) authorizes the Government to serve special interrogatories that are "limited to the claimant's identity and relationship to the defendant property." Fed. R. Civ. P., Supp. R. G(6)(a). That information is pertinent to determine whether a claimant has standing to dispute the forfeiture. *See id.*, advisory

committee note to 2006 amendment (special interrogatories are "useful ... to gather information that bears on the claimant's standing"); *see also, e.g.*, *United States v. $321,470.00 in U.S. Currency*, 874 F.2d 298, 300 (5th Cir. 1989) (requiring at least "[a] lawful possessory interest in the seized property" to "confer standing to attack a forfeiture proceeding"). The same information, in turn, affects a claimant's standing to seek suppression. *See, e.g.*, *$321,470.00 in U.S. Currency*, 874 F.2d at 300 (affirming district court's holding that "intervenor's lack of standing mooted the motion to suppress").

Given the presumed relevance of the information the Government seeks, Ramos cannot hide behind his separate motion to suppress as a categorical basis for avoiding discovery. Ramos's answers to the Government's interrogatories may be pertinent to whether he possesses a sufficient interest in the property to pursue suppression of evidence. Ramos himself has propounded discovery on the Government that he maintains is "necessary for litigation of [his] motion to suppress." *Id.* at 2. The Court rejects Ramos's attempt to apply a double standard that permits him to demand relevant discovery from the Government while simultaneously refusing to provide it in response to the Government's request.

Finally, Ramos's reference to asserted confidentiality concerns raised by "interrogatory 5" are premature. *See* Dkt. 12 at 2. The proper avenue for Ramos to raise his concern is to object to that interrogatory in his discovery

3

responses. *See* Fed. R. Civ. P. 33(b). Yet here, Ramos has not even responded to the interrogatories. Nor does Ramos's motion even state what the specific interrogatory asks. The Court will not provide an advisory opinion on an objection that Ramos has yet to properly assert, much less to an interrogatory whose content he has not adequately explained. Accordingly, Ramos's motion for protective order is **DENIED**.

***Ramos's motion for a third extension to respond to discovery***, Dkt. 15. The foregoing disposition of Ramos's motion for protective order also resolves his related request for an extension. This is because Ramos asks the Court to defer the deadline for providing his interrogatory answers "pending a hearing" on his motion for protective order. *See* Dkt. 15 at 1.

As explained above, Ramos is not entitled to protective order, which renders a hearing unnecessary. Ramos's request for extension premised on that motion is therefore **DENIED**. Because Ramos has already received two extensions of time to respond to the Government's interrogatories, *See* Dkt. 8 (extending deadline from July 11, 2024 to July 18, 2024); Dkt. 11 (extending deadline again to August 1, 2024), it is **ORDERED** that he must serve (not file) his responses on the Government **by August 12, 2024**.

Signed on August 2, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge